## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

MELISSA M. OPFER,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　) 　Case No. 4:20-cv-1409-SPM
　　　　　　　　　　　　　　　　　　　)
KILOLO KIJAKAZI,　　　　　　　　　　)
Acting Commissioner of Social Security,[1] )
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　　)

## MEMORANDUM OPINION

This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff Melissa M. Opfer ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 8). Because I find the decision denying benefits was supported by substantial evidence, I will affirm the Commissioner's denial of Plaintiff's application.

### I.     PROCEDURAL BACKGROUND

In March 2018, Plaintiff applied for DIB, alleging that she had been unable to work since April 15, 2017, due to diabetic neuropathy, fibromyalgia, degenerative joint disease, "a fib"

---

[1]     Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

(fibrillation), depression, pain, anxiety, and gastroesophageal reflux disease (GERD). (Tr. 72, 201). Her application was initially denied. (Tr. 86-92). On November 9, 2018, Plaintiff filed a Request for Hearing by Administrative Law Judge (ALJ) (Tr. 93-94). The ALJ held a hearing on Plaintiff's claim on October 23, 2019. At the hearing, Plaintiff amended her alleged onset date to June 30, 2018. (Tr. 10, 34, 173).

The ALJ issued an unfavorable decision on December 3, 2019. (Tr. 10-22). Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's Appeals Council on December 30, 2019 (Tr. 149-50), but the Appeals Council declined to review the case on August 12, 2020. (Tr. 1-3). Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

With regard to Plaintiff's testimony, medical and vocational records, the Court accepts the facts as set forth in the parties' statements of facts and responses.

## II.   STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). Under the Social Security Act, a person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work

exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. § 404.1520(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the [twelve-month duration requirement in § 404.1509], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii); *McCoy*, 648 F.3d at 611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. § 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. § 404.1520(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. § 404.1520(a)(4), which is "the most [a claimant] can do despite [his or her] limitations," 20 C.F.R. § 404.1545(a)(1). *See also Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or her

past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his or her past relevant work, the claimant is not disabled; if the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c)(2); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 404.1560(c)(2).

## III.   THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ in this case found, at step one, that Plaintiff has not engaged in substantial gainful activity since June 30, 2018, the alleged (amended) onset date. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, generalized osteoarthritis, fibromyalgia, degenerative joint disease, degenerative disc disease of the thoracic spine, right shoulder impingement, bilateral knee replacements, and a history of atrial fibrillation. (Tr. 13). The ALJ also found one medically determinable mental impairment: major depressive order. (Tr. 13). The ALJ analyzed the four areas of mental functioning known as "paragraph B" criteria—understanding, remembering, and applying

information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself—and found the impairment was non-severe because, considered singly and in combination, it did not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities. (Tr. 13-15). The ALJ noted that the limitations identified in the "paragraph B" criteria were not an RFC assessment but were used to rate the severity of mental impairments at steps two and three. (Tr. 15). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 15).

> The ALJ found that Plaintiff had the following RFC:
>
>  [Plaintiff can] lift and carry 10 pounds frequently and 20 pounds occasionally. She can stand and/or walk for up to 4 hours in an 8-hour workday, and sit for up to 6 hours in an 8-hour workday. She can occasionally climb ramps and stairs, stoop, and crouch. She cannot climb ladders, ropes, or scaffolds; kneel; or crawl. She should avoid overhead reaching with the right upper extremity. She should avoid extreme cold weather, wet weather conditions, extreme heat, excessive vibrations, and unprotected heights.

(Tr. 15-16). Moving to step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (Tr. 19). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age, education, work experience, and RFC, the ALJ relied on the testimony of the vocational expert and found that "[Plaintiff] has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy" (Tr. 19), such as director of nurse registry, nurse consultant, and group work program aide, (Tr. 20). The ALJ concluded that Plaintiff "has not been under a disability . . . from June 30, 2018[ ] through the date of th[e] decision." (Tr. 22).

IV.    STANDARD FOR JUDICIAL REVIEW

This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  *Pate-Fires*, 564 F.3d at 942.  *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision.  *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012).  However, the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'"  *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)).  "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision."  *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

## V.   DISCUSSION

Plaintiff contends the ALJ's RFC assessment is not supported by substantial evidence, first, because the evidence as a whole supports a more restrictive RFC that limits her to no more than light, unskilled, or sedentary work; second, the RFC is not supported by medical evidence because the ALJ failed to obtain medical evidence addressing her ability to function in the workplace and gave little or no weight to medical source Dr. Debroy; third, the ALJ failed to consider her dependency on narcotics; and, fourth, the RFC assessment is not supported by substantial evidence because the ALJ failed to fully and fairly develop the record.

In response, the Commissioner argues the ALJ evaluated Plaintiff's functional limitations in a manner consistent with the Social Security Administration's regulations and policies; the ALJ included all supported limitations in the RFC; the ALJ did not fail to fully develop the record; and the RFC was supported by substantial evidence.

As set out above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724.  So long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).

The Court has reviewed the entire transcript and the parties' briefs.  Based on a careful review of the record, and for the reasons stated in the ALJ's well-reasoned opinion and in the Commissioner's brief, the Court finds Plaintiff's arguments on appeal to be without merit. The Court further finds that the record as a whole reflects substantial evidence to support the ALJ's

decision.  *See Sledge v. Astrue*, 364 Fed. App'x 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

The Court acknowledges that the record contains conflicting evidence, and the ALJ could have reached a different conclusion.  However, this Court's task is not to reweigh the evidence presented to the ALJ.  The ALJ's weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion.  *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**VI.    CONCLUSION**

Having reviewed the entire record, the Court finds that the ALJ made a proper RFC determination based on a fully developed record.  Consequently, the Court determines that the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of March, 2022.